The Employment Law Firm
Cynthia L. Pollick, LLM                                    Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURA KELLER                    :
                                :
        Plaintiff               :        JURY TRIAL DEMANDED
                                :
        v.                      :
                                :
LACKAWANNA COUNTY ,             :        DOCKET NO:
WILLIAM BROWNING, Individually, :
and AMERICAN FEDERATION OF      :
STATE, COUNTY AND MUNICIPAL     :
EMPLOYEES                       :
                                :
        Defendants              :

### COMPLAINT

NOW come the Plaintiff, LAURA KELLER, by her attorney, Cynthia L. Pollick, Esquire, and file the following Complaint against Defendants and aver as follows:

### PARTIES

1.      Plaintiff, LAURA KELLER, was an employee of Lackawanna County in the Office of Youth and Family Services for over 23 years.

2.      Defendant, LACKAWANNA COUNTY, which has a principal office at 200 Adams Avenue, 6th Floor, Scranton PA 18503.

1

3.     Defendant, WILLIAM BROWNING, who has a principal office at 200 Adams Avenue, 6th Floor, Scranton PA 18503.

4.     Defendant, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFSCME, (hereinafter referred to as "Union") has a principal office at 1258 O'Neill Hwy, Dunmore, PA 18512.

## JURSIDICTION

5.     This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. Jurisdiction lies pursuant to the Family Medical Leave Act (FMLA). There is supplemental jurisdiction over claims for breach of a union's duty of fair representation and breach of contract. *Casner v. American Fedn. of State, County & Mun. Emples.*, 658 A.2d 865, 869 (Pa. Commw. Ct. 1995); 28 USCS § 1367.

6.     The unlawful employment practices described in this Complaint have been committed in the Middle District of Pennsylvania, and the employment records relevant to those conditions and practices are, on the information and belief of Plaintiff, maintained and administered at the offices of the Defendant Lackawanna County in the Middle District of Pennsylvania and the Defendant does business in this District.

7.     At all relevant times herein, Defendant Lackawanna County has and continues to be an employer within the meaning of the FMLA.

2

8.     Under the FMLA, Defendant Lackawanna County is required to provide 12 weeks of unpaid leave.

**COUNT I**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA)**
**INTERFERENCE CLAIM**
**PLAINTIFF V. DEFENDANTS**

9.     Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) as if set forth herein at length.

10.     According to the FMLA, "[t]he regulations do not authorize the employer to deny FMLA leave where the employee fails to provide a complete and sufficient certification but is not given the opportunity to cure the deficiency." *Hansler v. Lehigh Valley Hosp. Network*, 2015 U.S. App. LEXIS 14581.

11.     "… [A]n employer's failure to provide notice of FMLA rights or notice that leave was designated as FMLA leave may constitute an interference claim." *Brown v. Am. Sintered Technologies*, 2015 U.S. Dist. LEXIS 25423.

12.     An employer must, "… notify the employee in writing whether the leave will be designated as FMLA leave, 29 C.F.R. § 825.300(d)(1); (3) provide written notice detailing the employee's obligations under the FMLA and

explaining any consequences for failing to meet those obligations, §
825.300(c)(1) ..." *Id.*

13.     Here, Plaintiff provided a detailed doctor's note before she began
her leave of absence on or about April 27, 2015.  This note provided all that
was necessary to comply with the FMLA regulations.

14.     Defendants never provided a date that Plaintiff was required to
return any additional type of FMLA certification.

15.     Nonetheless, on or about June 8, 2015, Plaintiff provided a
certification, which was unilaterally denied by employer Defendants.

16.     Employer Defendants never advised what was allegedly deficient
in the certification that warranted its denial.

17.     Defendants never provided Plaintiff with a cure period. *Hansler v.
Lehigh Valley Hosp. Network*, 2015 U.S. App. LEXIS 14581. "The few relevant
decisions from the Courts of Appeals suggest that qualifying employees who
allege harm arising from the employers' failure to provide a cure period may
assert a cause of action for interference." *Id.*

18.     Pursuant to the FMLA, Defendants interfered with Plaintiff's
FMLA rights since it failed to provide her with written notice of her
obligations and consequences for failing to do the same.

19.    On or about June 16, 2015, after 23 years of service, Complainant was fired. In the termination letter, it specifically notes the FMLA and absence as one of the causes for the firing.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law and injunctive relief, including but not limited to reinstatement, lost wages, emotional distress, punitive damages against Individual only, attorney fees and costs, pre- and post- interest, delay damages, and other such legal and equitable relief as allowable at law.

**<u>COUNT II</u>**
**VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA)**
**RETALIATION CLAIM**
**PLAINTIFF V. DEFENDANTS**

20.    Plaintiff hereby incorporate by reference paragraphs one (1) through nineteen (19) as if set forth herein at length.

21.    Plaintiff's submitted FMLA paperwork on or about June 8, 2015, and she was suspended without pay pending termination just seven (7) days later on June 15, 2015, based in part on the FMLA paperwork.

22.    Defendants even requested a medical authorization for Plaintiff's medical records after she was fired, which shows continued animus toward Plaintiff for taking leave pursuant to FMLA.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law and injunctive relief, including but not limited to reinstatement, lost wages, emotional distress, punitive damages against Individual only, attorney fees and costs, pre- and post- interest, delay damages, and other such legal and equitable relief as allowable at law.

<u>**COUNT III**</u>
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**
**PLAINTIFF V. DEFENDANT LACKAWANNA COUNTY**

23.     Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) as if set forth herein at length.

24.     Pursuant to the Collective Bargaining Agreement, Plaintiff could only be fired for just cause.

25.     Defendant Lackawanna County did not have just cause to fire Plaintiff after 23 years of service.

26.     Defendant Lackawanna County conspired with the Union to deprive Plaintiff of her contractual rights.

27.     Therefore, Defendant Lackawanna County violated the Collective Bargaining Agreement by breaching its agreement when it fired Plaintiff when it did not have just cause to terminate Plaintiff.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law and injunctive relief, including but not limited to reinstatement, lost wages, emotional distress, attorney fees and costs, pre- and post- interest, delay damages, and other such legal and equitable relief as allowable at law.

**COUNT III**
**BREACH OF THE UNION'S DUTY OF FAIR REPRESENTATION**
**PLAINTIFF V. DEFENDANT AFSCME**

28.   Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-seven (27) as if set forth herein at length.

29.   Plaintiff filed a grievance over Defendant Lackawanna County's unjust termination after 23 years of service.

30.   Defendant Union discriminatorily, arbitrarily, and in bad faith refused to process Plaintiff's meritorious grievance.

31.   By choosing to cease representing Plaintiff, Defendant Union failed to process their meritorious grievance to arbitration, which was in clear violation of its duty of fair representation.

32.   Plaintiff paid dues for representation believing that the Union would fight for her in her time of need, and Union failed in good faith to represent Plaintiff and take her grievance over her job termination to arbitration since she had been with the County for over 23 years.

33.   Defendant Union did not process the grievance in accordance with its own By-laws, which shows its bad faith toward Plaintiff.

34.   "A union 'may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion'". *Wiglesworth v. Chauffeurs, Teamsters & Helpers Local Union No. 771*, 1985 U.S. Dist. LEXIS 14701.

35.   To comply with its duty to "fairly represent its members, the union must research and consider the factual and legal principles underlying the grievance in a manner which is not arbitrary, discriminatory, or in bad faith." *Bygott v. Leaseway Transportation Corp.*, 622 F. Supp. 774 (E.D. Pa. 1985).

36.   "By its selection as bargaining representative, it has become the agent of all the employees, charged with the responsibility of representing their interests fairly and impartially." *Humphrey v. Moore*, 375 U.S. 335 (1964).

37.   "The exclusive agent's obligation to represent all members of an appropriate unit requires [it] to make an honest effort to serve the interests of all of those members, without hostility to any . . . and its powers are subject always to complete good faith and honesty of purpose in the exercise of its discretion." *Humphrey v. Moore*, 375 U.S. 335 (1964).

38.    Here, Defendant Union conspired with the Lackawanna County to refuse to process the meritorious grievance to arbitration, and thereby lulled the Plaintiff into believing that the Union had her best interests at heart.

39.    Based on the aforementioned, it is clear that Defendants violated Plaintiff's rights by breaching their duty of fair representation, and therefore, are liable for such conduct.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant at law and injunctive relief, including but not limited to reinstatement, lost wages, emotional distress, attorney fees and costs, pre- and post- interest, delay damages, punitive damages, pursuit of grievance, and other such legal and equitable relief as allowable at law.

As to all counts a jury trial is demanded.

By: s/ Cynthia L. Pollick
Cynthia L. Pollick, J.D., LLM.
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com