# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LAURA KELLER,                          :

      Plaintiff,                :     CIVIL ACTION NO. 3:15-2511

      v.                        :     (JUDGE MANNION)

LACKAWANNA COUNTY,                     :
WILLIAM BROWNING,
and AMERICAN FEDERATION OF  :
STATE, COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO, DISTRICT  :
COUNCIL 87,
                               :
      Defendants.

## MEMORANDUM

Presently before the court is a third partial motion to dismiss filed by the defendants Lackawanna County and William Browning (collectively, the "County defendants"). (Doc. 33). The County defendants seek to dismiss Count I and Count III in the plaintiff's, Laura Keller's, second amended complaint. (Doc. 28). The County defendants also seek to strike the plaintiff's demand for attorney's fees in Count III. Based on the foregoing, the County defendants' motion will be **GRANTED IN PART** and **DENIED IN PART**.

## I.    FACTUAL BACKGROUND

This case arises out of the June 16, 2016 termination of the plaintiff by the defendant, Lackawanna County. The plaintiff was an employee of

Lackawanna County and worked in the Office of Youth and Family Services for 23 years. (Doc. 28 ¶1). The defendant, William Browning, was the plaintiff's supervisor. (*Id.* ¶57). At an unspecified time prior to April 27, 2015, the plaintiff provided a detailed doctor's note to her employer to notify them of upcoming absences.[1] (*Id*. ¶14). The plaintiff believed the doctor's note provided all that was necessary to comply with regulations set forth in the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq*. (*Id.*). After the doctor's note was received by the County defendants, the County defendants never provided the plaintiff with a date to return any additional FMLA certification. (*Id.* ¶15). Nonetheless, on June 8, 2015, the plaintiff provided an FMLA certification, which was subsequently denied by the County defendants. (*Id.* ¶16). The County defendants did not advise the plaintiff as to what was allegedly deficient in the certification that warranted its denial or provide a cure period to fix the certification. (*Id.* ¶¶17–18). The plaintiff was subsequently terminated on or about June 16, 2015. (*Id.* ¶20). The plaintiff received a termination letter, which specifically noted the alleged deficiencies

---

[1] The plaintiff has not indicated in her second amended complaint why absences were requested. The plaintiff states in her brief in opposition that she suffers from a variety of mental disorders, including anxiety, depression, and panic disorder. (Doc. 37 at 2).

with the FMLA certification and the absences from work as some of the causes for her firing. (*Id.*).

After the County defendants terminated the plaintiff, the defendant, American Federation of State, County and Municipal Employees, AFL-CIO, District Council 87 ("The Union"), settled the plaintiff's grievance with Lackawanna County. (*Id.* ¶28). The Union did this on the plaintiff's behalf without her approval and without submitting the claim to arbitration. *(Id.*). The plaintiff alleged the Union and Lackawanna County conspired to deprive her of her contractual rights and alleged that she has written documentation purporting to show a conspiracy. (*Id.*).

## II.    PROCEDURAL HISTORY

This case was commenced in the United States District Court for the Middle District of Pennsylvania on December 30, 2015. (Doc. 1). On January 20, 2016, the County defendants filed their first partial motion to dismiss. (Doc. 9). On January 22, 2016, the plaintiff filed a first amended complaint, mooting the County defendants' first motion. (Doc. 11). On February 5, 2016, the County defendants filed a second partial motion to dismiss. (Doc. 17). On October 17, 2016, the plaintiff filed a second amended complaint, mooting the

County defendants' second partial motion to dismiss. (Doc. 28). In her second amended complaint, the plaintiff alleged six counts: (1) interference under the FMLA against the County defendants; (2) retaliation under the FMLA against the County defendants; (3) breach of contract against the County defendants and the Union; (4) breach of the duty of fair representation against the Union; (5) discrimination and retaliation under the Americans with Disabilities Act ("ADA") as amended and the Pennsylvania Human Relations Act ("PHRA") against the County defendants; and (6) a violation of the PHRA against the defendant William Browning in his individual capacity.

On November 7, 2016, the County defendants filed the instant, third partial motion to dismiss, with a brief in support filed on November 29, 2016. (Docs. 33, 36). The County defendants argue Count I (Interference) and Count III (Breach of Contract) in the plaintiff's second amended complaint should be dismissed. In addition, the County defendants seek to strike the plaintiff's demand for attorney's fees in County III. On December 9, 2016 , the plaintiff filed a brief in opposition to the instant motion. (Doc. 37). On December 23, 2016, the County defendants filed a reply brief. (Doc. 38). The motion is now ripe for review.

4

## III.    STANDARDS OF REVIEW

### A.    Rule 12(b)(6)

The defendants' motion to dismiss is brought, in part, pursuant to the Federal Rule of Civil Procedure Rule 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. *Id.* at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Lastly, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## B.     Rule 12(f)

The defendants' request to strike attorney's fees in the second amended complaint is only proper pursuant to Federal Rule of Civil Procedure 12(f).[2] Under Rule 12(f), a party may make a motion to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). "Motions to strike are decided on the pleadings alone." *Deery v. Crystal Instruments Corp.*, No. 13-198 (WJM), 2013 WL 4517867 (D.N.J. Aug. 26, 2013).

---

[2] The County defendants do not cite to Rule 12(f), but it is clear in the briefing that this is their request.

Courts may exercise "considerable discretion" when reviewing these type of motions. *Id.* (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)). However, striking portions of a plaintiff's pleading is considered a "drastic remedy" that is appropriate only "when the grounds for striking it are readily apparent from the face of the pleadings." *Id.* (quoting *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 740 (D.N.J. 2013)). It is generally disfavored and should be used "sparingly" only "when required for the purposes of justice." *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 408 (E.D. Pa. 2016) (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007)). Motions to strike will usually be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Deery*, 2013 WL 4517867, at *1 (quoting *River Rd. Dev. Corp. v. Carlson Corp., N.E.*, No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)).

## IV.    DISCUSSION

In their motion, the County defendants argue Count I (Interference) should be dismissed because it is redundant and identical to Count II (Retaliation) and because the plaintiff did not allege a monetary loss. The defendants also argue Count III (Breach of Contract) should be dismissed because there is no underlying conspiracy between the County defendants and the Union. The County defendants' motion to dismiss Count I and Count III will be denied in part and granted in part.

### A.    The FMLA

The purpose of the FMLA is, in part, to allow employees to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. §2601(b)(1)–(2). It provides that an eligible employee "shall be entitled to a total of 12 work weeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D). Once an employee returns from FMLA leave, the employee is entitled to return to the same position they had prior to leaving, or to an equivalent position. 29 U.S.C. §2614(a)(1). However, this right to be reinstated does not entitle the

restored employee to a right, benefit, or position to which the employee would not "have been entitled had the employee not taken the leave." *Id.* §2614(a)(3)(B).

Before taking leave, an employee must give their employer notice "stat[ing] a qualifying reason for the needed leave." 29 C.F.R. §825.301(b); *see also Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 153 (3d Cir. 2015). The employer may also require its employees to support their requests for leave with a certification issued by a health care provider. 29 U.S.C. §2613(a). Where the employee requests leave for him or herself, the medical certification will be sufficient if it states the following: (1) the date on which the serious health condition began; (2) the probable duration of the condition; (3) relevant medical facts; (4) a statement that the employee is unable to perform the functions of her position; (5) the dates and duration of any planned medical treatment for intermittent leave; and (6) a statement of medical necessity for intermittent leave or reduced leave schedule. *Id*. §2613(b).

An employee does not need to specifically and expressly request leave under the FMLA to qualify for protection. 29 C.F.R. §825.301(b). The employee does, however, need to provide some notice to make the employer aware that the employee needs FMLA-qualifying leave and how long that

leave will be. *Id*. §825.302(c). But, the burden is on the employer to ensure that the employee is made aware of their rights under the FMLA and that the qualifying leave is designated as such. *Id.* §825.300.

Once an employee requests leave the employer is responsible for designating it as FMLA-qualifying or not and the employer must advise the employee if it is. *Id*. §825.300(b)(1), (d). In addition, the employer must, within a reasonable time, provide the employee with "written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations," including whether the leave will be counted as FMLA leave and the employee's right to restoration. *Id.* §825.300(c)(1). In "circumstance[s] where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee . . . to ascertain whether [the requested] leave is potentially FMLA-qualifying." *Id.* §825.301(a).

## B.    The Plaintiff's Interference Claim (Count I)

The FMLA expressly provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. §2615(a)(1).

11

An interference claim protects a "series of prescriptive substantive rights for eligible employees, often referred to as [] [entitlement[s] . . . which set floors for employer conduct." *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d. Cir. 2005). Unlike a retaliation claim, an employee alleging interference need not show discriminatory intent on the part of the employer and "the employer cannot justify its actions by establishing a legitimate business purpose for its decision." *Id.* at 119–120. An employee can bring both interference and retaliation claims under the FMLA against an employer. Thus, "firing an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009).

In order to establish a valid claim of interference the employee only needs to show that he was entitled to benefits under the FMLA and that he or she was denied them. *Callison*, 430 F.3d at 119. Ultimately, the employee must establish that: (1) the employee was eligible under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was

denied benefits to which he or she was entitled under the FMLA. *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 155 (3d Cir. 2017).

United States Department of Labor ("USDOL") regulations implementing the FMLA expressly provide that any violations of the law itself or its regulations "constitute interfering with, restraining, or denying the exercise of rights." 29 C.F.R. §825.220(b); *see also Conoshenti v. Pub. Serv. Elec. & Gas. Co.*, 364 F.3d 135, 142 (3d Cir. 2004). This would include "not only refusing to authorize FMLA, but discouraging an employee from using such leave[,]" in addition to "manipulation" by the employer in an attempt to avoid FMLA responsibilities. *Id.*; *see also id.* Interfering with an employee's rights also includes an employer's failure to *advise* the employee of their rights under the FMLA. *Conoshenti*, 364 F.3d at 142–143. In order to prevail on an interference claim based on a failure to advise, however, the employee must show prejudice by "establishing that this failure to advise rendered [the employee] unable to exercise that right in a meaningful way, thereby causing injury." *Id.* at 143 (relying on *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81(2002)). Here, the plaintiff's interference claim is premised on the County defendants' alleged failure to notify her of her FMLA obligations

regarding certification and their alleged failure to provide an opportunity to cure her deficient certification. (Doc. 28 ¶¶13–17).

In *Hansler* v. *Lehigh Valley Hospital Network*, 798 F.3d 149, 158 (3d Cir. 2015), the Third Circuit Court of Appeals determined that a plaintiff employee stated a valid claim for interference where the employer failed to advise the employee of deficiencies in her medical certification and failed to provide her with an opportunity to cure those deficiencies. The court turned to USDOL regulations which govern how employers are to respond to perceived deficiencies in medical certifications. 798 F.3d at 153. In particular, these regulations provide that an employer must "advise an employee whenever the employer finds a certification incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient." 29 C.F.R. §825.305(c).

A certification is incomplete where the "employer receives a certification, but one or more of the applicable entries have not been completed." *Id*. A certification is also insufficient if the "employer receives a complete certification, but the information provided is vague, ambiguous, or non responsive." *Id*. If the employer determines that a certification is either incomplete or insufficient, the employer must give the employee seven

14

calender days to cure any deficiency before the employer can deny the certification. *Id.*; *see also Hansler*, 798 F.3d at 153.

*Hansler* is directly applicable to the facts of this case. As alleged in the second amended complaint, the plaintiff provided medical certification in the form of a doctor's note to the County defendants that was sufficient to comply with FMLA regulations. (Doc. 28 ¶13). The County defendants never advised the plaintiff of her obligation to provide any additional certification, but, nonetheless, she provided a certification to her employer. (*Id*. ¶¶14–15). The County defendants denied the certification and ultimately terminated the plaintiff. (*Id*. ¶¶15, 19). The County defendants did not advise the plaintiff what the deficiencies were in the certification and never provided a cure period before discharging her. (*Id*. ¶¶16–17).

The facts alleged by the plaintiff here are nearly identical to those alleged by the plaintiff in *Hansler*. However, unlike the plaintiff in *Hansler*, the plaintiff has not alleged that she suffered any prejudice as a result of the County defendants' failure to provide notice of her FMLA obligations and an opportunity to cure. *See Conoshenti*, 364 F.3d at 143. In *Hansler*, the court found that the employee successfully alleged prejudice where she alleged that "[h]ad [the defendant employer] properly requested that [her] physician

provide more information to show a serious health condition, [her] physician would have been [in] a position to provide the full diagnosis of [her] chronic health conditions," thereby entitling the employee to FMLA-qualifying leave. 798 F.3d at 158. Thus, had the employer properly requested more information, the employee would have been able to provide such information instead of being fired. *Id.* at 158. The *Hansler* court found that, when coupled with the employee's firing, this was sufficient to show prejudice by rendering the plaintiff unable to exercise her rights under the FMLA in a meaningful way. *Id.*

Here, the plaintiff has alleged a lack of notice and opportunity to cure, but she has not made an allegation of "prejudice" in her second amended complaint. Nor has she alleged that had she been provided with more information and an opportunity to cure she would have been in a position to provide the requested information and cure any deficiencies. Nonetheless, based on the allegations thus far and the plaintiff's subsequent firing, the court finds that an amendment would not be "futile" and would not cause "undue delay[ or] prejudice." *Alston*, 363 F.3d at 236. Accordingly, the court will allow the plaintiff a final opportunity to amend her complaint to satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

Despite the clear application of *Hansler* to this case, the County defendants argue that the plaintiff's interference claim must be dismissed because it is identical to her second claim of retaliation. They assert that the interference claim should be dismissed and analyzed under the retaliation claim in Count II. The defendants rely on *Stephenson v. JLG Industries, Inc.*, No. 1:09-CV-1643, 2011 WL 1304625 (M.D. Pa. Mar. 31, 2011) and *Mascioli v. Arby's Restaurant Group, Inc.*, 610 F. Supp. 2d 419 (W.D. Pa. 2009) for support. The County defendants' reliance on these cases is misplaced and *Hansler* is clearly controlling.

In *Stephenson,* the court granted the employer defendant's motion for summary judgment on an interference claim primarily because testimony showed that the defendant never denied or interfered with the plaintiff's rights under the FMLA. 2011 WL 1304625, at *4. In *Stephenson*, the plaintiff requested and was granted intermittent FMLA leave but continued to be disciplined for missed time. *Id.* at *1. The plaintiff was being investigated for misuse of his FMLA leave and refused to take a drug and alcohol test when requested. *Id*. at *2. The court ruled that the investigations into the plaintiffs use of FMLA leave did not constitute interference because other courts had repeatedly upheld the termination of employees following similar

17

investigations. *Id.* at \*4. Finally, the court rejected the plaintiff's claim that termination of his employment alone constituted an "ultimate act of interference." *Id*. at \*5. The court properly classified this argument as falling under a retaliation theory. *Id.*

    *Stephenson* has no application to the issues presented here. As an initial matter, in *Stephenson*, the court had before it a motion for summary judgment, not a motion to dismiss. At this stage the plaintiff need only allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements for FMLA interference. *Twombly*, 550 U.S. at 556. Moreover, the evidence presented to the court in *Stephenson* clearly showed that the employee was discharged for reasons other than the FMLA leave. Most importantly, the plaintiff in *Stephenson* did not allege her employer failed to provide a cure period triggering the application of *Hansler*. Here, the plaintiff is not alleging that her firing constituted the act of interference itself. *Cf. Stephenson*, 2011 WL 1304625, at \*5. She is alleging specific acts prior to the termination that led to her denial of leave and, thereafter, her termination.

    In *Mascioli*, the court ruled that an FMLA claim based upon an employer's termination of an employee in anticipation of future leave was in

18

reality a FMLA retaliation claim. [610 F. Supp. 2d at 430–431](). Like *Stephenson*, *Mascioli* also resolved a motion for a summary judgment. *See id*. at 423. In *Mascioli*, the employee plaintiff was never denied FMLA leave. Instead, she alleged her termination was interference because the employer fired her in order to avoid having to provide her with future leave to undergo testing and treatment for her medical needs, an alleged act of manipulation. [*Id.* at 430](). The plaintiff was not, however, actually denied or discouraged from taking initial leave. [*Id*.]() Instead, the initial date that she requested off was not FMLA-qualifying. [*Id*]().

*Mascioli* and *Stephenson* may be analogous, but they are not applicable here. In the case at hand, the plaintiff requested leave, was not provided with information regarding her obligations with respect to taking leave, provided a certification to her employer, and was denied leave without an opportunity to cure any deficiencies in that certification. As explained above, the plaintiff's interference claim is based upon the employer's failure to provide the plaintiff with information and the failure to provide a cure period. It is not based on the termination itself. Accordingly, the County defendants' reliance on *Mascioli* and *Stephenson* is misplaced.

Next, the County defendants argue that the plaintiff's interference claim should be dismissed because the plaintiff failed to allege that she suffered any monetary losses. The County defendants rely on *Chapman v. UPMC Health System*, 516 F. Supp. 2d 506 (W.D. Pa. 2007) for their argument. In *Chapman*, the court stated, "Courts have refused to recognize a valid claim for interference in the absence of any injury." 516 F. Supp. 2d at 519 (quoting *Alifano v. Merck & Co.*, 175 F. Supp. 2d 792, 794 (E.D. Pa. 2001)). The County defendants rely on this statement as support for their position. The County defendants have misinterpreted *Chapman's* explanation of the law.

*Chapman's* explanation of the law speaks of injury, not monetary loss. The reference to "injury" is a reference to prejudice and the need to allege prejudice. *See Alifano*, 175 F. Supp. 2d at 794 ("In order to state a cause of action for interference . . . [the plaintiff] must claim that the alleged interference *caused* her to forfeit her FMLA protections." (emphasis added)). As explained by the Third Circuit in *Hansler*:

> [T]he plaintiff "will show an interference with his right to leave under the FMLA . . . if he is able to establish that this failure to advise rendered him unable to exercise that right in a meaningful way, thereby causing injury." Put another way, we found a cause of action for notice interference in the event the plaintiff was able to show prejudice as a result of the violation.

[798 F.3d at 157](#) (quoting *[Conoshenti, 364 F.3d at 143](#)*) (internal citation omitted). As previously explained, this court will allow the plaintiff to amend her complaint a final time to allege injury or, said another way, prejudice. Therefore, the County defendants' motion to dismiss Count I will be granted, in part. The plaintiff's interference claim will not be dismissed based on a failure to allege "monetary loss," but will be dismissed without prejudice and with leave to amend based on a failure to allege injury.

### C.     The Plaintiff's Breach of Contract Claim (Count III)

The County defendants also seek to dismiss Count III (Breach of Contract) in the plaintiff's second amended complaint. The County defendants argue this count should be dismissed because the plaintiff failed to demonstrate an underlying conspiracy between Lackawanna County and the Union to breach the collective bargaining agreement. The court disagrees and finds that the plaintiff's allegations are sufficient at this stage to move forward.

The plaintiff is a public employee and her breach of contract claims are governed by Pennsylvania law and, in particular, Pennsylvania's [Public Employee Relations Act ("PERA"), 43 PA. STAT. §1101.101, *et seq.*](#); *[Lopez v. Transp. Workers Union Local 234, No. 16-05515, 2017 WL 2633468, at *3](#)*

21

[(E.D. Pa. June 19, 2017)](#). Pennsylvania law provides that "an employee has no cause of action against her employer for breach of contract where the employment relationship is governed by a collective bargaining agreement." *[Lopresti v. County of Lehigh](#)*, No. 12-2832, 2013 WL 2449190, at \*9 (E.D. Pa. June 6, 2013), *aff'd*, [572 F. App'x 133 (3d Cir. 2014)](#) (citing *[Ziccardi v. Commonwealth](#)*, 456 A.2d 979, 981 (Pa. 1982) and *[Runski v. Am. Fed'n of State, Cnty. & Mun. Emp., Local 2500](#)*, 598 A.2d 347, 350 (Pa. Commw. Ct. 1991)). This is true even when the union refuses to take the case to arbitration. *[Lopez](#)*, 2017 WL 2633468, at \*3 (citing *[Ziccardi](#)*, 456 A.2d at 981). There is an exception to this rule, however, where an employee alleges and shows by specific facts that an employer actively participated in the union's bad faith or that the employer conspired with the union to deny the employee his or her rights under the collective bargaining agreement. *[Id.](#)* (collecting Pennsylvania and district court case law); *[Reed-Seeger v. Sch. Dist. of Phila.,](#)* [No. 14-0287, 2014 WL 7404133, at \*3 (E.D. Pa. Dec. 30, 2014)](#).

Here, the plaintiff has alleged a conspiracy between the County defendants and the Union to breach the collective bargaining agreement. (Doc. [28](#) ¶26). The plaintiff has also alleged that she has written documentation proving a conspiracy between the County defendants and the

Union to breach the collective bargaining agreement. (*Id*. ¶27). The plaintiff's allegation of conspiracy and her allegation that she has a written document showing the conspiracy are sufficient at this stage of the litigation. *Cf. [Reed-Seeger](#)*, [2014 WL 7404133](#), at \*3 (reaching the same conclusion at the motion to dismiss stage). Whether the plaintiff can ultimately prove the conspiracy is a question the court need not resolve at this time. Accordingly, the County defendants' motion to dismiss Count III will be denied.

### D.    The County Defendants' Request to Strike Attorney's Fees

Lastly, the County defendants seek to strike the plaintiff's request for attorney's fees in Count III. As stated earlier, striking portions of a plaintiff's pleading is a drastic remedy and will usually be denied. *[Deery](#)*, [2013 WL 4517867](#), at \*1. It is true that Pennsylvania law does not allow awards for attorney's fees in suits for ordinary breach of contract (the "American Rule") "unless there is express statutory authorization, a clear agreement of the parties[,] or some other established exception." *[McMullen v. Kutz](#)*, [985 A.2d 769, 775 (Pa. 2009)](#). However, neither the plaintiff or the County defendants have provided the collective bargaining agreement to the court. Without this information, the court cannot state with certainty that the plaintiff's request for

attorney's fees is redundant, immaterial, impertinent, or scandalous to such a degree that striking it from the plaintiff's pleading would be proper at this stage of the litigation. *Cf. Deery*, 2013 WL 4517867, at *2. As such, the County defendants' request is premature and the court will deny their request to strike attorney's fees from Count III at this time.

## V.     CONCLUSION

In accordance with the above, the County defendants' third partial motion to dismiss, (Doc. 33), will be **GRANTED IN PART** and **DENIED IN PART**. The County defendants' motion to dismiss the plaintiff's interference claim (Count I) will be **GRANTED**, in part. The plaintiff's interference claim (Count I) will be dismissed without prejudice and the court will allow the plaintiff to amend her second amended complaint, (Doc. 28), a final time to allege prejudice and injury. The County defendants' motion to dismiss the plaintiff's breach of contract claim (Count III) will be **DENIED**. The County defendants' request to strike attorney's fees from Count III will also be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 1, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2511-01.wpd